# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00530-CR

**Luis Ruiz, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 9024004, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Luis Ruiz was convicted of aggravated robbery at a bench trial. *See* Tex. Pen. Code Ann. § 29.03 (West 2003). The court imposed a forty-year prison sentence.

Appellant's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969).

Appellant exercised his right to file a pro se brief in response to counsel's *Anders* brief. In the pro se brief, appellant contends the evidence is factually insufficient to sustain the conviction, his trial attorney was ineffective, and portions of the trial were not recorded.

On the day in question, a Hispanic man entered the residence of Jaime Dominguez and Josefa Benitez and, at gunpoint, demanded money. Dominguez gave the man cash. The man then ordered Dominguez down a hallway to a safe and demanded that he open it. Meanwhile, the robber's companion, an Anglo man, took Benitez to a bedroom and bound her hands and feet. After going through the contents of the safe, the Hispanic robber took Dominguez to the bedroom. The robbers tied up Dominguez and left the house.

Dominguez and Benitez were shown photo spreads several weeks after the robbery. Separately, they each identified photographs of appellant and Daniel Carpenter. Dominguez and Benitez also identified appellant at trial. Carpenter separately pleaded guilty to the robbery, but he did not testify at appellant's trial.

Appellant testified and denied committing the robbery, saying he was in Lubbock at the time. Appellant said that he knew Dominguez and Benitez to be drug dealers, and that he had purchased cocaine from them two or three weeks before the robbery. Appellant's sister-in-law also testified that he was living in Lubbock at the time of the robbery.

In determining the factual sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in a neutral light, the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, No. 539-02, 2004 Tex. Crim. App. LEXIS 668, at *20 (Tex. Crim. App. Apr. 21, 2004). Although due deference must

2

be accorded the fact finder's determinations, particularly those concerning the weight and credibility of the evidence, the reviewing court may disagree with the result in order to prevent a manifest injustice. *Johnson v. State*, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000). The evidence will be deemed factually insufficient to sustain the conviction if the proof of guilt is too weak or the contrary evidence is too strong to support a finding of guilt beyond a reasonable doubt. *Zuniga*, at *20; *see Johnson*, 23 S.W.3d at 11.

Appellant contends the evidence of guilt is factually insufficient because: neither Dominguez nor Benitez gave a detailed description of the Hispanic robber; the description they gave to the police was inaccurate as to appellant's weight, and neither mentioned a prominent tattoo which appellant has on his neck; Benitez testified that she had seen appellant previously, but her recollection of appellant was inaccurate with respect to his age and weight; Benitez's initial in-court identification was uncertain, although she later said she was sure appellant was the robber; Benitez's recollection of the photo spread was inaccurate both as to its timing and as to the number of photographs shown her; Dominguez gave conflicting testimony as to whether or not he had seen appellant before the robbery; the admitted robber, Carpenter, did not testify; and appellant had an alibi for the time of the robbery.

The jury had to resolve the conflicts in the testimony and decide whether to believe Dominguez and Benitez, who identified appellant as the robber, or to believe appellant. A decision is not manifestly unjust simply because the fact-finder resolved conflicting views of the evidence in the State's favor. *Roise v. State*, 7 S.W.3d 225, 233 (Tex. App.—Austin 1999, pet. ref'd). The finding of guilt is not manifestly unjust. Pro se point of error one is overruled.

3

Appellant contends his trial counsel was ineffective because he failed to subject the State's case to "meaningful adversarial testing." *United States v. Cronic*, 466 U.S. 648, 656 (1984). Appellant asserts that his attorney "did not present any evidence in Appellant's behalf, nor did he challenge the State's case in any way, form, or fashion." The record does not support this assertion.

Appellant seems to suggest that counsel should have called witnesses in addition to appellant or otherwise present direct evidence that appellant was not guilty. Appellant does not, however, identify any other witnesses who could have provided exculpatory testimony. As for challenging the State's case, counsel cross-examined the complainants and the other State's witnesses. On the record before us, we cannot say that appellant's attorney was not functioning effectively as counsel. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Hernandez v. State*, 988 S.W.2d 770, 771-72 (Tex. Crim. App. 1999); *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986). Pro se point of error two is overruled.

Appellant's last pro se point of error is that the court reporter failed to record portions of the trial. *See* Tex. R. App. P. 13.1. In one instance, the reporter did not record a bench conference. In two other instances, the reporter's record reflects that the prosecutor had a "discussion off the record," apparently with his co-counsel. In each instance, the prosecutor asked the court's permission to go off the record. Appellant did not object, and thus any complaint was not preserved for appeal. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Appellant also notes that the witnesses were not identified by name at the time they were sworn, but does not explain why this was significant. There is nothing in the record to support appellant's assertion that "vital information" was omitted from the record. Pro se point of error three is overruled.

4

We have reviewed the record, counsel's brief, and the pro se brief.  We find nothing in the record that might arguably support the appeal.  Counsel's motion to withdraw is granted.

The judgment of conviction is affirmed.


_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   June 24, 2004

Do Not Publish